UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**CEDEAL HARPER,**

    **Plaintiff,**

v.                                            Case No. 2:14-cv-07529

**C.O. JOSEPH BARBAGALLO,
SGT. SHAWN RAMSEY,
MAJOR ROBERT RHODES,
DAVID BALLARD, Warden,
JIM RUBENSTEIN, Commissioner,
individually and in their official capacities,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order (ECF No. 6). For the reasons stated herein, it is respectfully **RECOMMENDED** that the Motion for Preliminary Injunction and/or Temporary Restraining Order (ECF No. 6) be **DENIED**.

## PROCEDURAL HISTORY

On February 4, 2014, the plaintiff filed a Complaint (ECF No. 2) alleging that, on January 18, 2014, he was subjected to the excessive use of force when he was pepper sprayed while enclosed in his segregation cell by Officer Joseph Barbagallo, while Sgt. Shawn Ramsey stood by and encouraged him. The Complaint further alleges that Sgt.

y

Ramsey, Major Robert Rhodes, Warden David Ballard and Commissioner Jim Rubenstein had actual knowledge of pervasive, longstanding and documented violations of inmate's constitutional rights based upon similar conduct and have failed to take corrective action against the same, failed to properly supervise those responsible for such misconduct, tacitly authorized such misconduct, and created the policies or customs which permitted the alleged constitutional violations.  This matter is before the undersigned on initial screening pursuant to 28 U.S.C. § 1915A.  Thus, service of process has not yet occurred.

On February 20, 2014, the plaintiff filed a Motion for Preliminary Injunction and/or Temporary Restraining Order (ECF No. 6).  The motion asserts, in pertinent part, that excessive force was used against the plaintiff on June 3, 2013 and January 18, 2014, in retaliation for the plaintiff's filing of prior civil actions in this court.  The plaintiff asserts that all of these retaliatory actions have taken place while the plaintiff has been housed in the Quilliams II segregation unit at the Mount Olive Correctional Complex ("MOCC"), and that:

> it is not safe for the Plaintiff or any other inmates due to the excessive use of force, denial of equal protection and/or denial of due process, which poses a serious or significant risk to the Plaintiff and other inmates' health, safety and/or well-being and the Plaintiff and/or other inmates will suffer irreparable harm and/or injury (constitutional, physical or mental) as long as said practices exist in Quilliams of the segregation units.

(ECF No. 6 at 2).

The plaintiff's motion further asserts that Warden David Ballard is:

> (1) usurpating [sic; usurping] the power of the Commissioner; (2) exceeding his authority; (3) violating policys [sic; [policies] and gives tacit authorization to violation of policy's [sic; policies] such as but not limited to 326.01, 325.00, 313.02, 312.02, and 129.00; (4) violating statutory law such as but not limited to:  1) W. Va. Code § 25-1-5, 2) W. Va. Code § 25-1-11, 3) W. Va. Code § 62-13-4, 4) legislative code or statute § 95-2-1 et seq., and (5) violating constitutional law such as but not limited to due process,

> equal protection, and/or cruel and unusual punishment due to, but not limited to: (A) implementation of operational procedures that does not implement policy, as required by statutory code § 95-2-2.13-2.16, such as but not limited to (i) operational procedure # 3.36; (B) declaring martial law on inmates housed in Quilliams I and II, the segregation units at Mount Olive Correctional Complex; (C) allowing inmates to be disciplined not according to policy, but operational procedure; (D) denial of exercise; (E) tacit authorization of excessive use of force; (F) allowing inmates to be punished twice for alleged misconduct; (G) failure to supervise subordinates for violating policies; and (H) failure to supervise subordinates for compliance with policies.

(*Id.* at 2-3). The plaintiff's motion further contends that these and other actions or inactions by Warden Ballard pose a serious and significant risk to the Plaintiff and other inmates' health, safety and well-being. (*Id.* at 3).

The plaintiff further alleges that "[t]here is an egregious lack of supervision and abuse of power going on at MOCC, which has led to [a] hostile and unsafe atmosphere, environment and/or living quarters, especially for the Plaintiff and/or inmates housed in segregation." (*Id.* at 3). The plaintiff further contends that "it is more likely to happen again if the Plaintiff is not moved out of MOCC segregation units, Quilliams, and there is administrative supervision for compliance with DOC [Policies] and discipline for those who violate DOC Policy." (*Id.* at 4).

The plaintiff contends that irreparable harm will befall him and other inmates unless the court orders that defendants Ballard and Rubenstein and their successors in office, agents and employees: (1) be enjoined from using force against the plaintiff and/or other inmates unless the inmate poses a serious or significant risk or threat to the staff or other inmates; (2) be required to video record all use of force unless it is not optional or possible; (3) be required to follow all Policy Directives; (4) remove the plaintiff from segregation; (5) be enjoined from harassing, threatening or retaliating

against the plaintiff; and (6) any other relief the court deems necessary and appropriate. (ECF No. 42 at 2).

The plaintiff also filed a Declaration in support of his request for preliminary injunctive relief, in which he repeats the allegations made in his motion. (ECF No. 6-2). The plaintiff's Declaration again claims that the alleged retaliation from which he is suffering, or may suffer in the future, is resulting from his filing of prior lawsuits against MOCC employees. (*Id.* at 1-2). The plaintiff's declaration again notes that he has had excessive force used upon him twice since he filed these lawsuits. (*Id.* at 2). The plaintiff alleges that these actions pose a serious and/or significant risk to his safety, health and well-being and that he is at risk of suffering additional retaliation in the future if he is not moved out of the segregation units. (*Id.*)

## **STANDARD OF REVIEW**

### *Temporary Restraining Orders and Preliminary Injunctions*

Rule 65(b) of the Federal Rules of Civil Procedure permits the issuance of a Temporary Restraining Order, without notice to the adverse party, only if "specific facts in an affidavit or a verified complaint clearly show that the immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). Rule 65(a) provides that a court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a). The remainder of the rule addresses the procedure for a hearing on motions for a preliminary injunction and the scope of any such injunction. *Id.*

In 2009, the United States Court of Appeals for the Fourth Circuit revisited the applicable standard of review for preliminary injunctions in the case of *The Real Truth*

*About Obama*, 575 F.3d 342 (4th Cir. 2009) (hereinafter "*Real Truth*")[1], in light of the Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 172 L. Ed.2d 249 (2008). As noted by the *Real Truth* Court:

> A preliminary injunction is an extraordinary remedy afforded prior to trial at the discretion of the district court that grants relief *pendente lite* of the type available after the trial. *See In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524-26 (4th Cir. 2003); *see also De Beers Consol. Mines, Ltd. V. United States*, 325 U.S. 212, 220-21, 65 S. Ct. 1130, 80 L. Ed. 1566 (1945). Because a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate by "a clear showing" that, among other things, it is likely to succeed on the merits at trial. *Winter*, 129 S. Ct. at 376; *see also Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed.2d 162 (1997)(per curiam). * * *
>
> In its recent opinion in *Winter*, the Supreme Court articulated clearly what must be shown to obtain a preliminary injunction, stating that the plaintiff must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 129 S. Ct. at 374. And all four requirements must be satisfied. *Id.* Indeed, the Court in *Winter* rejected a standard that allowed the plaintiff to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76.

575 F.3d 345-46.

The *Real Truth* decision emphasizes that "the *Winter* requirement that the plaintiff clearly demonstrate that [he] will likely succeed on the merits is far stricter than the [*Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977)] requirement that the plaintiff demonstrate only a grave or serious *question* for litigation." *Id.* at 346-47. The *Real Truth* further distinguishes the *Winter* standard from the old *Blackwelder* standard because it no longer requires the court to

---

[1] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion in the case. *See* 575 F.3d at 345-347.

balance the irreparable harm to the respective parties, but rather requires the plaintiff to make a clear showing that he is likely to be irreparably harmed, and that the court must pay particular attention to the public consequences in employing the extraordinary remedy of an injunction. The Court again emphasized that all four factors must be met in order to justify this extraordinary relief. *Id.* at 347. Thus, the Court stated that the standard articulated in *Winter* would henceforth govern the issuance of preliminary injunctions in the all federal courts. *Id.*

## ANALYSIS

The plaintiff's requests for preliminary injunctive relief are speculative. As noted by the defendants, the plaintiff has only asserted theoretical future injury. A mere possibility of harm will not suffice to support the granting of a preliminary injunction. *Winter*, 555 U.S. at 21.

Although the defendants, once served with process, will be called upon to respond to the allegations in the plaintiff's Amended Complaint, at present, the plaintiff has not clearly shown that he is likely to succeed on the merits of his claims, or that he is likely to be irreparably harmed without preliminary injunctive relief. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has not demonstrated the need for either a Temporary Restraining Order or a Preliminary Injunction under the circumstances.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Motions for Preliminary Injunction and/or Restraining Order (ECF No. 6).

The plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Johnston.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiff.

August 5, 2014

Dwane L. Tinsley
United States Magistrate Judge