IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

CEDEAL HARPER,

       Plaintiff,

v.                              Case No. 2:14-cv-07529

C.O. JOSEPH BARBAGALLO and
SERGEANT SHAWN RAMSEY,

       Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).   Pending before the court is the plaintiff's Motion for Default Judgment (ECF No. 16), defendant Shawn Ramsey's Motion to Allow Late Filing of ECF No. 19)

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** defendant Shawn Ramsey's Motion to Allow Late Filing of Answer (ECF No. 19), **DENY** the plaintiff's Motion for Default Judgment (ECF No. 16), and **DENY** the plaintiff's Motion to Compel Service of Answer to Amended Complaint (ECF No. 24).

## PROCEDURAL HISTORY

On February 4, 2014, the plaintiff, who is incarcerated at the Mount Olive Correctional Complex ("MOCC"), filed a Complaint under 42 U.S.C. § 1983 (ECF No. 2),

alleging that excessive force was used against him by defendants Shawn Ramsey and Joseph Barbagallo on January 18, 2014, following a dispute with Sergeant Shawn Ramsey over the denial of recreation time.  The initial Complaint named Ramsey, Barbagallo, Major Robert Rhodes, Warden David Ballard and Commissioner Jim Rubenstein as defendants, and alleged that the defendants' conduct violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution.  The initial Complaint sought declaratory and injunctive relief, as well as monetary damages.

On April 4, 2014, the plaintiff filed a Motion for Leave to File Supplemental Complaint (ECF No. 7), seeking to add additional allegations to paragraph 36 of the Complaint.  That motion was granted on August 5, 2014.  (ECF No. 8).  However, the plaintiff was directed to file a new Amended Complaint incorporating all of his allegations into one document.  (*Id.*)

The plaintiff filed his Amended Complaint on August 20, 2014.  (ECF No. 10).  The Amended Complaint names C.O. Joseph Barbagallo and Sgt. Shawn Ramsey as defendants, individually and in their official capacities, except to the extent that such defendants cannot be held liable for monetary damages in their official capacities.  (*Id.*).  The Amended Complaint essentially re-alleges the facts concerning the use of force against the plaintiff on January 18, 2014 and the circumstances surrounding the same.  The Amended Complaint further alleges that the conduct of defendants Barbagallo and Ramsey violated his rights under the Eighth Amendment of the United States Constitution and Article III, § 5 of the West Virginia Constitution.  The Amended Complaint further asserts that the actions of defendants Barbagallo and Ramsey

constituted an assault and battery under West Virginia law.  The Amended Complaint seeks declaratory relief and monetary damages.

The undersigned conducted an initial screening of the Amended Complaint pursuant to 28 U.S.C. § 1915A, and, on October 1, 2014, service of process was ordered upon defendants Barbagallo and Ramsey by certified mail, return receipt requested, at MOCC.  (ECF No. 13).  The summons for defendant Barbagallo was returned unexecuted, presumably because he was no longer employed at MOCC.[1]

The return receipt for the Summons and Amended Complaint mailed to defendant Ramsey indicates that "Shawn Ramsey" signed for the certified mail on October 22, 2014.  (ECF No. 15).  Accordingly, defendant Ramsey's answer or other response to the Amended Complaint was due on November 12, 2013.  (*Id.*)  However, no timely answer or other response was filed by defendant Ramsey.

On November 14, 2014, the plaintiff filed a Motion for Default Judgment (ECF No. 16), which included a Declaration for Entry of Default, claiming that both defendants had failed to respond and defend against the allegations in the Amended Complaint.  The plaintiff's Motion further asserts that "default may have been entered in the civil docket in the office of the Clerk and the same day this motion for default judgment was filed (the entry for default was submitted simultaneously with this motion.)"  (*Id.* at 1).[2]

---

[1] Service was again attempted upon Joseph Barbagallo at his last known address on June 8, 2015.  (ECF No. 23).  On June 26, 2015, defendant Barbagallo filed a Motion to Dismiss (ECF No. 29) and a Memorandum of Law in Support thereof (ECF No. 30).  That motion is not yet ripe for adjudication.

[2] The Clerk did not actually enter default against either defendant.  To the extent that the plaintiff intended his "Declaration for Entry of Default" to be considered a separate request for entry of default, the court did not construe that portion of the plaintiff's filing in such a light at the time of filing.  However, any such omission would be of no moment, as the undersigned is recommending that default judgment is not appropriate.  Had default been entered, the undersigned would now recommend that it be set aside.

Six months later, on May 21, 2015, defendant Shawn Ramsey, by counsel, Dwayne Cyrus, and the law firm of Shuman McCuskey & Slicer, filed an Answer to the Amended Complaint (ECF No. 17).  Then, on May 26, 2015, defendant Ramsey filed a Response in Opposition to the plaintiff's Motion for Default Judgment and a Motion to Allow Late Filing of Answer (ECF No. 19) (hereinafter "Ramsey's Response/Motion").[3]

Ramsey's Response/Motion asserts that the plaintiff's Motion for Default Judgment should be denied because default was not actually entered by the Clerk, and granting default judgment would circumvent the procedures set forth in Rule 55 of the Federal Rules of Civil Procedure.  (ECF No. 19 at 3-5).  Ramsey's Response/Motion further asserts that he can demonstrate good cause for his default and that the plaintiff has not been unduly prejudiced by the delay in these proceedings.  (*Id.* at 5-8).  Finally, Ramsey's Response/Motion asserts that the court should deny the plaintiff's Motion for Default Judgment because the plaintiff did not provide proper pre-suit notification to the State of West Virginia concerning the suit against the defendants in their official capacities.  (*Id.* at 8-11).  Defendant Ramsey further asserts that these reasons warrant leave to permit him to belatedly file his Answer to the Amended Complaint.

On June 11, 2015, the plaintiff filed a Motion to Compel Service of Answer to Amended Complaint (ECF No. 24), indicating that he had not received a service copy of defendant Ramsey's Answer to the Amended Complaint.  On June 15, 2015, the defendants filed a Response to the plaintiff's Motion to Compel Service of Answer to Amended Complaint (ECF No. 28), to which they attached both defendant Ramsey's

---

[3]  Ramsey's Response/Motion (ECF No. 19) was electronically filed nearly simultaneously with the docketing of the undersigned's Order directing him to file a response to the plaintiff's Motion for Default Judgment (ECF No. 20).  Accordingly, although the undersigned's Order was docketed after the Response/Motion and set a later deadline, defendant Ramsey was not required to file any additional response.

Answer to the Amended Complaint and his Response to the Motion for Default Judgment.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Motion to Compel Service of Answer to Amended Complaint (ECF No. 24) is moot and should be denied as such.

On June 15, 2015, defendant Ramsey filed a Supplement to his Response in Opposition to the plaintiff's Motion for Default Judgment, providing an Affidavit that had been inadvertently omitted from the original Response/Motion when filed.  (ECF No. 27).  The plaintiff did not file a reply brief concerning his Motion for Default Judgment.  These motions are now ripe for adjudication.

## ANALYSIS

### A.    The plaintiff's Motion for Default Judgment and the defendant's Motion to Allow Late Filing of Answer.

Rule 55(a) authorizes the entry of default by the Clerk when "a party against whom a judgment for affirmative relief is sought" has "failed to plead or otherwise defend and that failure is shown by affidavit or otherwise . . . ."  Fed. R. Civ. P. 55(a). Furthermore, "Rule [55(b)] of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules."  *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *see also* Fed. R. Civ. P. 55(b).

As noted in Ramsey's Response/Motion:

> The clear policy of the Rules is to encourage dispositions of claims on their merits.  *See U.S. v. Moradi*, 673 F.2d 725 (4th Cir. 1982).  Moreover, the Fourth Circuit has a strong favor for resolving cases on their merits.  *U.S. Foodservice, Inc. v. Donahue*, 764 F. Supp.2d 816, 819 (S.D. W. Va. 2011). Trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom.  *See* Fed. R. Civ. P. 55(c) & 60(b).

(ECF No. 19 at 3-4).  Thus, default judgments are not favored.

Ramsey's Response/Motion further emphasizes that the plaintiff did not comply with the two-step process under Rule 55 because he did not seek entry of default prior to moving for a default judgment.[4]   (ECF No. 19 at 4).   Defendant Ramsey further contends:

> As noted in Sgt. Ramsey's affidavit, he was unaware and did not understand the consequences of failing to respond to the plaintiff's Amended Complaint.  (See Aff. [ECF Nos. 19 and 27, Ex. A]).  Additionally, Sgt. Ramsey was not served, nor did he have notice, of Plaintiff's "Declaration for Entry of Judgment [sic; Default]" until personnel at Mount Olive Correctional Complex were informed of the same in mid-May of this year, whereupon the Division of Corrections obtained counsel who timely filed an Answer on behalf of Sgt. Ramsey.  *Id.*  Most importantly, Sgt. Ramsey's defenses to this action have merit and should be decided by this Court and not summarily disposed of in favor of the Plaintiff without consideration of these defenses.  Therefore, this Defendant requests that this Court deny the Plaintiff's Motion for Default Judgment and allow for Defendant's late filing of an Answer to Plaintiff's Amended Complaint.

(ECF No. 19 at 4-5).

Although default was not actually entered in this case, the United States Court of Appeals for the Fourth Circuit has established a six-factor analysis to determine whether good cause exists to set aside an entry of default, which would also be applicable to determine whether the court should permit defendant Ramsey's delayed filing of an Answer to the Amended Complaint.  Those six factors consist of the following:

> (1) whether the defaulting party has a meritorious defense; (2) whether the defaulting party acts with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) the prejudice to the non-defaulting party; (5) whether there is a history of dilatory action; and (6) the availability of sanctions less drastic.

---

[4]  *See* footnote 2 above.

*See U.S. v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982).  As noted by defendant Ramsey, in

*Moradi*, the Fourth Circuit stated, "[t]raditionally, we have held that relief from a

judgment of default should be granted where the defaulting party acts with reasonable

diligence in seeking to set aside the default and tenders a meritorious defense."  673

F.2d at 727.  (ECF No. 19 at 6).

Defendant Ramsey contends that he has a meritorious defense to the plaintiff's

claims.  (*Id.* at 6-7).  His Response/Motion asserts:

> Sgt. Ramsey avers that neither he, nor any other employee of Mount Olive
> Correctional Complex did anything to violate Mr. Harper's constitutional
> rights.  (See Aff. attached as Exhibit A).  Moreover Sergeant Harper [sic;
> Ramsey] contends that he was acting in the best interest and safety of the
> inmates and employees of Mount Olive Correctional Complex at all times
> relevant to the Plaintiff's Amended Complaint and performed his duties in
> a manner consistent with his training and for the purposes of maintaining
> order within the prison.  Sgt. Ramsey has raised these defenses in his
> Answer to Plaintiff's Amended Complaint and will defend on these
> grounds moving forward.
>
> Moreover, the delay in answering is of minor significance
> considering the passage of time from the inception of this suit and the
> filing and service of the Amended Complaint naming Sgt. Ramsey as a
> Defendant.  Plaintiff never served Sgt. Ramsey with his initial Complaint
> and then another eight months before serving Sgt. Ramsey with his
> Amended Complaint.[5]  Such a passage of time suggests that Plaintiff's
> claims are not time sensitive and that Plaintiff's claims have not been
> disturbed by Sgt. Ramsey's failure to respond until most recently.
>
> Lastly, Sergeant Ramsey, not his counsel, is responsible for the
> delay in responding to Plaintiff's Amended Complaint and [Motion for
> Default Judgment] accepts this responsibility.  (See Aff.)  As noted by the
> *Rasmussen* Court, "Courts should be more inclined toward relief in those
> cases in which the defaulting party is to blame."  *Rasmussen v. Am. Nat.
> Red Cross*, 155 F.R.D. 549, 551 (S.D. W. Va. 1994) (citing *Palmetto Fed.
> Sav. Bank of S. Carolina v. Indus. Valley Title Ins. Co.*, 756 F. Supp. 925,

---

[5]  The undersigned notes that, because the plaintiff is incarcerated and proceeding *in forma pauperis*, the
plaintiff's Complaint was subject to initial screening by the court under 28 U.S.C. §§ 1915A and
1915(e)(2)(B), and, in such cases, service of process is executed by an officer of the court pursuant to 28
U.S.C. § 1915(d).  Accordingly, any delay in review of the Complaint and service of process is attributable
to the workload of the court, not the plaintiff.

929-30 (D.S.C. 1991) (internal citations omitted)).  Sgt. Ramsey does not dispute that he signed the return of service for Plaintiff's Summons and Amended Complaint October 22, 2014.  (See Aff.)  Sgt. Ramsey then inadvertently failed to reply or provide appropriate individuals with the Division of Corrections with copies of the same.  *Id.*  Sgt. Ramsey did not understand the consequences of failing to reply to Plaintiff's Amended Complaint, and was unable to reply to Plaintiff's Declaration for Entry of Default because he was never served with the same.  *Id.*  However, once appropriate officials at the Division of Corrections became aware of the suit and pending Declaration for Entry of Default, counsel was obtained and an Answer on behalf of Sgt. Ramsey was filed by counsel shortly thereafter.  After speaking with counsel, Sgt. Ramsey now understands the consequences of failing to respond to Plaintiff's pleadings, and is prepared to defend this case.

Considering the foregoing, Sgt. Ramsey has demonstrated that "good cause" exists to deny Plaintiff's Declaration for Entry of Default and to allow this case to move forward on its merit.  Therefore, Sgt. Ramsey requests that this Court deny Plaintiff's Declaration for Entry of Default.

(ECF No. 19 at 6-8).

Upon consideration of the *Moradi* factors discussed above, the undersigned proposes that the presiding District Judge **FIND** that defendant Ramsey can establish good cause for his default and that he should be able to defend against the plaintiff's Amended Complaint.

### B.   The plaintiff was not required to provide pre-suit notification to the State in order to proceed with this federal civil action.

Defendant Ramsey further asserts that, to the extent that he was sued in his official capacity, he was not properly served with process and, thus, entry of a default judgment would be improper.  Specifically, Ramsey's Response/Motion asserts that, to the extent that he has been sued in his official capacity, the plaintiff was required to provide pre-suit notification to the Attorney General of the State of West Virginia at

least 30 days prior to filing his lawsuit as provided in West Virginia Code § 55-17-3. (ECF No. 19 at 8-11).

However, the undersigned proposes that the presiding District Judge **FIND** that this argument is meritless because pre-suit notification requirements under state law are inapplicable to section 1983 actions filed in federal court. See W. Va. Code § 55-17-2 (defining an "action" for purposes of Chapter 17 of Title 55 as an action "instituted against a governmental agency <u>in a circuit court or in the supreme court of appeals.</u>") (Emphasis added); *see also Felder v. Casey*, 487 U.S. 131, 145 (1988) ("Notice of Claim" statutes and state immunity statutes do not apply to claims raised under 42 U.S.C. § 1983, regardless of whether they are filed in federal or state court).

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** defendant Shawn Ramsey's Motion to Allow Late Filing of Answer (ECF No. 19), **DENY** the plaintiff's Motion for Default Judgment (ECF No. 16), and **DENY** the plaintiff's Motion to Compel Service of Answer to Amended Complaint (ECF No. 24).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed

Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties (or their counsel where applicable) and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

July 17, 2015

Dwane L. Tinsley
United States Magistrate Judge